SYLVIET CORPORATION, Respondent, v. STATE OF NEW YORK, Appellant. (Claim No. 46357.) — Judgment unanimously affirmed, with costs. Memorandum: The issue on this appeal involves only the values placed on two buildings. Both experts relied on the economic approach. The State claims the values fixed by the court are excessive. It also points out that the court failed to state the net annual income and the capitalization rate which it adopted. Claimant's expert valued the two buildings at $269,700. The court rejected this figure as unjustified because it was based on economic rent for vacant floors although recognizing that these floors could produce income as storage facilities. The State's expert placed a total value of $45,600. The court rejected this figure as unrealistic and based on unreasonably low economic rent because it did not consider substantial improvements effected by the tenants. Without stating the net annual income and the capitalization rate, the court found a building value of $145,000. If the inadequacy of the court's decision had occurred after our warning in *Matter of City of Rochester [State St. Holding Corp.]* (32 A D 2d 731) we would remand for adequate findings to supply the deficiencies. Since the record substantiates the valuation found by the trial court, which is within the range of expert opinion, we affirm. In arriving at our result we find the fair gross rental value to have been $38,330, which represents claimant's expert's economic rent for the first and second floors of both buildings and that portion of the third floor of the Walnott building which was actually rented. In view of the fact that no economic rent is allowed for the remaining portions of the buildings, which are the substantial vacant areas, we are not deducting a vacancy allowance. We have deducted expenses of $18,335, thereby yielding a net income of $19,995, of which $6,073 is imputable to land value leaving a balance of $13,922 income imputable to improvements. Capitalized at 9.6% we arrive at a value for the buildings of $145,000 which, when added to the land value of $101,220, produces a total of $246,220, the trial court's award. (Appeal from judgment of Court of Claims in claim for permanent appropriation.) Present — Del Vecchio, J. P., Marsh, Witmer, Moule and Henry, JJ.

THE PEOPLE OF THE STATE OF NEW YORK ex rel. CHARLES KORBORG, Appellant, v. VINCENT R. MANCUSI, Warden, Respondent.— Appeal unanimously dismissed as academic. Memorandum: Relator has been released on parole and his maximum sentence expired March 30, 1968. (Appeal from judgment of Wyoming County Court dismissing writ of habeas corpus.) Present — Del Vecchio, J. P., Marsh, Witmer, Moule and Henry, JJ.